**Colt B. Dodrill, Esq.**
**Nevada Bar No.: 9000**
**Sarah A. Gaskill, Esq.**
**Nevada Bar No. 8461**
**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Suite 140**
**Las Vegas, NV  89119**
**Tel: (702) 476-0100**
**Fax: (702) 476-0101**
**sagaskill@wolfewyman.com**

Attorney for Defendants
**Homecomings Financial, LLC (formerly known as Homecomings Financial Network, Inc.) GMAC Mortgage, LLC, Executive Trustee Services, LLC, and LSI Title Agency, Inc.**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES M. TATRO,<br><br>             Plaintiff,<br>   v.<br><br>HOMECOMINGS FINANCIAL NETWORK INC.; FIDELITY NATIONAL FINANCIAL, INC.; GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES, LLC; TICOR TITLE – RENO; TICOR TITLE OF NEVADA, INC., LSI TITLE AGENCY INC.;  DOES and ROES 1-25,<br><br>             Defendants. | Case No.:  3:10-cv-00346-RCJ-RAM<br><br>**ORDER ON MOTION TO LIFT INJUNCTION** |

Before the Court is Defendants, Homecomings Financial, LLC (formerly known as Homecomings Financial Network, Inc.), GMAC Mortgage, LLC, Executive Trustee Services, LLC, and LSI Title Agency, Inc.'s (hereinafter collectively "Defendants"), Motion to Lift Injunction (Doc. 35) which was filed April 18, 2011.  The docket report indicates that a Response to Defendants' Motion to Lift Injunction was due by May 5, 2011.  Plaintiff, James Tatro, has failed to file a response to the Motion to Lift Injunction.  The Court having considered the moving papers, its own

files, and good cause appearing FINDS as follows:

1.     Pursuant to Local Rule 7-2(b), any Response and/or Opposition to Defendants' Motion to Lift Injunction was required to be filed with the Court and served within fourteen (14) days after service of the Motion.  No Response and/or Opposition has been submitted to the Court or served on opposing party within the prescribed timeline.  Pursuant to Local Rule 7-2(d), the failure of an opposing party to file Points and Authority in response to any motion shall constitute consent to the granting of the motion.

2.     The Court may grant the Motion to Lift Injunction without a hearing where a Local Rule provides another party who has failed to timely file an Opposition is deemed to have waived any objection to the Motion.  Eaton v. Reno, 216 F.3d 1082, 1082 (9th Cir. 2000).

3.     The Court may grant the Motion to Lift Injunction and dismiss the case for failure to follow local rules if these five factors weigh in favor of dismissal:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

4.     The Court finds that the five Ghazali factors weigh in favor of lifting the injunction and dismissing the case.

5.     The Court has reviewed Defendants' Motion, and finds it to have merit.

IT IS THEREFORE ORDERED, that based on the foregoing, Defendants' Motion to Lift Injunction is hereby GRANTED.

1.     IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.

///
///
///
///
///
///

IT IS SO ORDERED on this 5th day of July, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted,            WOLFE & WYMAN LLP


By: /s/ *Sarah A. Gaskill*
    COLT B. DODRILL, ESQ.
    Nevada Bar No.: 9000
    Nevada Bar No. 8461
    980 Kelly Johnson Drive, Suite 140
    Las Vegas, NV 89119
    Phone (702) 476-0100
    Fax (702) 476-0101

    Attorneys for Defendants
    **Homecomings Financial, LLC (erroneously named as Homecomings Financial Network, Inc.) GMAC Mortgage, LLC, LSI Title Agency Inc. and Executive Trustee Services, LLC.**

V:\GMAC (1477.002)\205 (Tatro)\Pleadings\Order Lift Injunction.doc